UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARLINE YOUNG, et al.,

    Plaintiffs,

v.

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA (UAW), LOCAL 651, et al.,

    Defendants.
                                      /

Case No. 15-11151

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [27], DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT INSTANTER [28], DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AS TO GENERAL MOTORS [31]**

Before the Court is Plaintiffs' motion for reconsideration of the Court's December 1, 2015 opinion and order granting UAW Defendants' motion to dismiss and denying Plaintiffs' requests to amend complaint. (Dkt. no. 23.) On the same date that they filed the motion for reconsideration, Plaintiffs also filed a motion for leave to amend complaint instanter. (Dkt. no. 27.) On January 5, 2016, Plaintiffs filed a motion for leave to file amended complaint as to [Defendant] General Motors. (Dkt. no. 31.) For the reasons set forth below, the Court finds that there is no palpable defect in the order, that Plaintiffs have not persuaded the Court that it should rule differently, and that amendment would be futile, therefore the Court DENIES Plaintiffs' motion for reconsideration and motions for leave to file amended complaint.

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party

may file a motion for reconsideration within fourteen days after a court issues an order to which the party objects. Although a court has the discretion to grant such a motion, it generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To persuade a court to grant the motion, the movant "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case. *Id.*

Plaintiffs first ask the Court to reconsider its prior decision denying Plaintiffs leave to amend the Complaint. In addition to addressing UAW Defendants' motion to dismiss, the Court's December 1, 2015 opinion and order addressed Plaintiffs' general "requests" to amend the Complaint. After referring to amendment in their responsive pleadings and at the hearing, Plaintiffs were given the opportunity at the hearing to specifically address what amendments they sought to make to the Complaint. As set forth in the opinion and order, at footnote 5, Plaintiffs were unable to identify specific contractual provisions they allege were violated. The Court also noted that the factual matter which Plaintiffs sought to add at that time was already under consideration by the Court and did not change the Court's analysis. The Court denied those requests to amend as futile. Although not a basis for the Court's denial, it is worth noting that Plaintiffs had not complied with the Local Rule 15.1 in seeking to amend their pleading, and had not provided a proposed amended complaint.[1]

---

[1] Although the Court opted to consider Plaintiffs' prior and very general requests to amend the complaint, the Sixth Circuit has noted that "[a] request for leave to amend 'almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.'" *C & L Ward Bros., Co. v. Outsource Solutions, Inc.*, 547 Fed. Appx. 741 (6th Cir. 2013) (citing *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010)).

With respect to the Court's decision to deny Plaintiffs' prior requests to amend, Plaintiff has not shown a palpable defect in the decision to deny the prior requests to amend.

Plaintiff also asks the Court to reconsider its decision that the only Plaintiffs for whom the statute of limitations was tolled were the two Plaintiffs who had signed the internal appeal of the prior grievance, in compliance with the appeal process set forth in the UAW Constitution, which specifically requires that the appeal "must include an original physical signature, signed by the member(s)." (Constitution of the International Union (UAW), Adopted June 2010, Def.'s Mot. Dismiss dkt. no. 16, Ex. 9; Compl. ¶¶ 28-32.) The Court considered the allegations in the Complaint and the appeal documents central to that allegation to conclude that the appeal was signed by only two Plaintiffs: Shante Marshall and Jakeiya Anderson. The Court relied on case law holding that the parties to such an appeal were those who signed it, as required by the UAW Constitution. *See VanRiper v. Local 14, UAW*, 2015 WL 45533 (N.D. Ohio Jan. 2, 2015); *DeMott v. UAW Int'l Union*, 2011 WL 824488 (E.D. Mich. Mar. 3, 2011) (Edmunds, J.). The Court found that "the Complaint and documents show that the only two Plaintiffs who brought the appeal pursuant to the UAW Constitution requirements were those who signed it." (Op. And Order 15, dkt. no. 23.) Plaintiff has not submitted evidence that shows that the appeal was signed by anyone other than these two Plaintiffs. (Def.'s Mot. Dismiss Ex. 7, dkt. 16-8; Compl. ¶¶ 28, 29.) Plaintiffs' proposed amended complaint does not change this analysis, despite adding the allegation that Plaintiffs Marshall and Anderson were "intending it to be on behalf of all the other members of the original group grievance, which includes all plaintiffs" and alleging that other plaintiffs had made inquiry on the status of the appeal. (Proposed Amended Compl. ¶¶ 40, 43, dkt. no. 28-1.) Plaintiffs have alleged no new information that would warrant

3

reconsidering its earlier decision to dismiss all Plaintiffs except Marshall and Anderson, those whose original signatures appear on the appeal.

Finally, Plaintiffs ask the Court to reconsider its decision related to Plaintiffs' claims of breach of the collective bargaining agreements. That decision was based largely on Plaintiffs' failure to identify specific contractual provisions to support their inferences and legal conclusions that the Plaintiffs are entitled to higher pay rates and levels of seniority. In arguing the issue, Plaintiffs rely on their "proposed amended complaint," which was not before the Court at that time and was not a basis for the Court's December 1, 2015 decision. The Court herein considers the proposed amended allegations in concert with Plaintiff's motion for reconsideration and motions for leave to amend.

As set forth above, Plaintiffs failed to show a reason to reconsider the Court's December 1, 2015 dismissal of all Plaintiffs except Marshall and Anderson. Plaintiffs' proposed amended complaint does not include allegations that state a plausible claim for relief as to Plaintiffs Marshall and Anderson. The proposed amended complaint confirms that Plaintiffs Marshall and Anderson were hired in 2006. (Proposed Amended Compl. ¶ 10, Ex. H, dkt. nos. 28-1, 28-12.) They were, therefore, not subject to Plaintiffs' allegations regarding contractual provisions relating to "employees hired prior to October 18, 1999." (E.g., *id.* at ¶ 10, 23.) Other allegations relating to Marshall and Anderson were addressed in the prior opinion and order and Plaintiffs do not show a palpable defect in that order, even in consideration of the more specific allegations now presented in the proposed amended complaint.

The Court has presumed the factual allegations in the complaint (and now the proposed amended complaint) to be true and has drawn reasonable inferences in favor of

4

Plaintiff, the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).  Yet it remains "a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Northhampton Restaurant Group, Inc. v. FirstMerit Bank, N.A.*, 492 Fed. Appx. 518, 522 (6th Cir. 2012) (citation omitted). When the Court considers Plaintiffs' conclusory allegations next to the plain language of the cited provisions they purport to represent, the Court is unable to draw the reasonable inferences necessary to support Plaintiff's claims.[2] Plaintiffs have not show a palpable defect in the Court's opinion.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Sixth Circuit has held that "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (citation omitted). "Denial may be appropriate, however, where there is 'undue delay, bad faith or dilatory

---

[2] For example, "In February, 2009, GM and the UAW signed a Memorandum of Understanding (MOU) giving all Delphi Flint East employees who transferred to GM in January, 2009 a retroactive March 17, 2008 GM Corporate Seniority date (Exhibit E). This fictitious seniority date was created by defendants to avoid the requirements of listing these plaintiffs as having 2006 (or earlier) seniority dates, which would have retroactively made them Tier I employees pursuant to the 2007 GM-UAW CBA." (Proposed Amended Compl. ¶ 26, dkt. nos. 28-1 (emphasis added, proposed amendment underlined)). What remains lacking are contract terms which have been breached. It is not enough to argue that something else "should" have happened. (For example, *Id.* ¶ 22.) The Court addressed this provision in the opinion and order and Plaintiff has not shown an error in the opinion, even when considered with the proposed amended allegations.

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.' " *Id.* (citation omitted). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (citation omitted).

As the Court noted in its December 1, 2015 opinion and order, Plaintiffs failed to identify specific contractual language that supported their vague and conclusory allegations that Defendant General Motors violated the collective bargaining agreement and other agreements by improperly determining Plaintiffs' pay rates and seniority. At that time, they not only failed to identify the specific contractual provisions that were violated, but failed to provide the relevant documents. Yet with the motion to dismiss, the Court considered those documents that were both referred to in Plaintiffs' complaint and integral to Plaintiffs' claims. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007); *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir.1999); *Weiner v. Klais and Co.*, 108 F.3d 86, 89 (6th Cir. 1997). Plaintiffs' proposed amended complaint now includes the documents, most of which were considered in the motion to dismiss when referenced in Plaintiffs' claims and provided by UAW Defendants, and contains specific excerpts from those documents. As set forth above with respect to Plaintiffs' motion for reconsideration, the proposed amended complaint does not allege facts that provide a basis for finding that Plaintiffs other than Marshall and Anderson submitted the internal appeal and thus tolled the statute of limitations, and it does not provide allegations that would defeat a motion to dismiss as to these two Plaintiffs. Such amendment would be futile.

For the reasons set forth above, the Court DENIES Plaintiffs' motion for reconsideration [27], DENIES Plaintiff's Motion For Leave To File Amended Complaint Instanter [28] and DENIES Plaintiff's Motion For Leave To File Amended Complaint As To General Motors [31].

SO ORDERED.

       S/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated:  February 15, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 15, 2016, by electronic and/or ordinary mail.

       S/Carol J. Bethel
       Case Manager

2:15-cv-11151-NGE-MKM   Doc # 34   Filed 02/15/16   Pg 8 of 8    Pg ID 633